**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____

UMAN GARVIN,                                    :
                                                :
                    Petitioner,                 :          Civ. No. 14-5728 (RBK)
                                                :
        v.                                      :          **OPINION**
                                                :
UNITED STATES OF AMERICA,                       :
                                                :
                    Respondent.                 :
_____ :

**ROBERT B. KUGLER, U.S.D.J.**

## I.        INTRODCUTION

Petitioner[1] has filed a motion to vacate, set aside or correct his sentence by a person in

federal custody pursuant to 28 U.S.C. §2255.  For the following reasons, the motion will be

summarily dismissed.

## II.       BACKGROUND

On September 15, 2014, the Court received petitioner's original filing in this case.

Petitioner filed this case by submitting a document on the form used by the United States District

Court for the Eastern District of Pennsylvania for § 2255 motions.[2]  Petitioner alleges that he

was convicted in state court in Philadelphia, Pennsylvania of carrying a firearm and possession

of narcotics.  He received a sentence of three-and-one-half to seven years to be followed by three

years of probation.  However, petitioner states that his sentence was vacated.  Petitioner appears

to have a civil case ongoing in the Eastern District of Pennsylvania, E.D. Pa. Civ. No. 10-1294,

---

[1] Petitioner's first name is spelled Umar and the Clerk will be ordered to make this change in the
caption.
[2] As petitioner filed this case as a § 2255 action, he did not pay a filing fee or submit an
application to proceed *in forma pauperis* that would be necessary in a § 1983 proceeding.

that alleges false arrest, cruelty punishment, illegal search and seizure, fraud and wrongful conviction.

Petitioner states in this federal § 2255 case that "[t]he federal court seems to have a problem to render a decision to grant plaintiff Umar Garvin monetary damages as well as punitive monetary damages."  (Dkt. No. 1 at p. 13.)  He seeks monetary damages in this federal action.

### III.     STANDARD FOR SUA SPONTE DISMISSAL

Rule 4(b) of the Rules Governing Section 2255 Proceedings states the following:

> The judge who receives the motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.  If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

As petitioner is proceeding *pro se*, his petition is held to less stringent standards than those pleadings drafted by lawyers.  *See Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) ("we construe pro se pleadings liberally.") (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]"  *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

### IV.     DISCUSSION

Section 2255(a) of Title 28 of the United States Code states in relevant part as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The petitioner in this case is not challenging a federal conviction or sentence.  Indeed, petitioner is not challenging even a state conviction as he states that his state criminal conviction has been vacated.  Instead, petitioner is asserting that his constitutional rights were violated during the course of his arrest and subsequent state court criminal proceedings (i.e., unlawful detention, illegal search and seizure).  (*See* Dkt. No. 1 at p. 6.)  As relief, petitioner's seeks monetary damages.

Petitioner's action is one that should be raised in a civil rights complaint pursuant to 42 U.S.C. § 1983 as opposed to this habeas action.  The United States Court of Appeals for the Third Circuit has explained the difference between a habeas action and a § 1983 action as follows:

> "The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'"  *Powers of Congress and the Court Regarding the Availability and Scope of Review*, 114 HARV. L. REV. 1551, 1553 (2001).  Section 1983, in contrast, provides for liability on the part of any state actor who "subjects or cause to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."  42 U.S.C. § 1983.  It has been described as a "species of tort liability."  *Smith v. Holtz*, 87 F.3d 108, 111 (3d Cir. 1996) (discussing *Heck v. Humphrey*, 512 U.S. 477 (1994)).

*Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002).  "[I]f a judgment in a prisoner's favor would not affect the fact or duration of the prisoner's incarceration, habeas relief is unavailable and a civil complaint is the appropriate form of remedy."  *Simms v. Shartle*, No. 12-5012, 2012 WL 4506390, at *2 (D.N.J. Sept. 28, 2012) (citing *Ganim v. Fed. Bureau of Prisons*, 235 F. App'x 882 (3d Cir. 2007) (per curiam); *Bronson v. Demming*, 56 F. App'x 551, 553-54 (3d Cir. 2002)).

Petitioner claims that he is entitled to monetary damages for unlawful detention and illegal search and seizure on a now vacated state criminal judgment.  Any judgment that this Court could issue in this habeas action would not affect the fact or duration of petitioner's state criminal incarceration as the criminal judgment has been vacated according to petitioner.  A civil complaint, as opposed to the instant § 2255 action is the appropriate form of remedy as the claims raised in this § 2255 action do not spell a speedier release for petitioner.  *Accord Bonadonna v. United States*, 446 F. App'x 407, 408-09 (3d Cir. 2011) (per curiam) (affirming dismissal of habeas petition for lack of jurisdiction as allegation of deficient medical care did not spell a speedier release to petitioner and therefore did not lie at "the core of habeas corpus") (citations omitted).  Accordingly, this Court lacks jurisdiction over the instant § 2255 action and it will be dismissed without prejudice to any right petitioner may elect to raise in a civil rights complaint, presumably in the Eastern District of Pennsylvania where the actions giving rise to petitioner's complaints arose.

Pursuant to 28 U.S.C. 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2255.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies

this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Applying this standard, the Court finds that a certificate of appealability shall not issue in this case.

## V.      CONCLUSION

For the foregoing reasons, the § 2255 motion will be summarily dismissed without prejudice due to a lack of jurisdiction.  An appropriate order will be entered.


DATED:   September 23, 2014

                                                 s/Robert B. Kugler
                                                 ROBERT B. KUGLER
                                                 United States District Judge